E-FILED
Thursday, 14 September, 2006  09:15:57 AM
Clerk, U.S. District Court, ILCD

# United States District Court

CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA

v.                                    **CRIMINAL COMPLAINT**

DERRICK R. WALKER          CASE NUMBER: 06-mj-3041

**FILED**
SEP 13 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about ____September 13, 2006____ in __Sangamon__ County, in the __Central__ District of __Illinois__ defendant:

possession with the intent to distribute 50 or more grams of cocaine base ("crack") and felon in possession of a firearm

BGC
9/13/06

in violation of Title 21 United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18 United States Code, Section 922(g).

I further state that I am an _____DEA Special Agent_____ and that this complaint is based on the following facts:
                              Official Title

See attached affidavit

Continued on the attached sheet and made a part hereof:   ■ Yes   ☐ No

s/ Glenn Haas
Signature of Complainant

Sworn to before me and subscribed in my presence,

September 13, 2006   1:45 pm           at   Springfield, Illinois
Date                                         City and State

Byron G. Cudmore                        s/ Byron G. Cudmore
U.S. Magistrate Judge
Name & Title of Judicial Officer             Signature of Judicial Officer

STATE OF ILLINOIS )
) ss
COUNTY OF SANGAMON )

## AFFIDAVIT

Glenn Haas, being duly sworn, states:

1.  I am a Special Agent of the Drug Enforcement Administration, and have been so employed since August 1996. I am presently assigned to the Springfield, Illinois Resident Office. Prior to working for the Drug Enforcement Administration, I served for approximately ten years as a law enforcement officer with the Illinois State Police and the St. Clair County, Illinois Sheriff's Department. During that time I served as a detective in the narcotics field for approximately three years. I have personally conducted and/or assisted in numerous investigations of criminal violations involving controlled substances.

2.  This affidavit is made in support of a complaint charging DERRICK R. WALKER with possession with the intent to distribute 50 or more grams of cocaine base ("crack") in violation of Title 21, United States Code, Sections 841(a)(1), and felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g). A warrant for the arrest of Derrick R. Walker is requested.

1

3. I am familiar with the following facts based upon my own personal investigation or information officially furnished to me by other law enforcement agents, witnesses or confidential sources.

4. On September 12, 2006, the officers with the Jacksonville Police Department were investigating a burglary. It was reported that a stolen washing machine was in the rear of a van parked at 695 North Clay, Jacksonville, Illinois. The van was reportedly in possession of Kenneth Jackson, Jr. Kenneth Jackson, Jr. is currently under parole in the State of Illinois. Parole Officer Gordon Gibbs advised the Jacksonville Police if Kenneth Jackson, Jr. was observed he wanted to be contacted. At approximately 1:21 p.m., Officer Meyer observed Kenneth Jackson, Jr. move the van in the driveway at 695 North Clay, and then enter the residence. Parole Officer Gibbs was contacted and agreed to respond to the scene.

5. When Parole Officer Gibbs arrived, he observed another parolee, Derrick R. Walker, standing on the porch of the residence. It should be noted that Walker is currently on parole for manufacture/delivery of a controlled substance in the State of Illinois.

6. Upon seeing Parole Officer Gibbs, Walker quickly entered the residence. Parole Officer Gibbs then approached the residence and spoke with

Walker's girlfriend, Arnell Jackson, who was still seated on the front porch. Arnell Jackson allowed the parole officer to enter the residence. Parole Officer Gibbs met with Walker in the front room of the residence. Walker was visibly nervous and sweating profusely. Parole Officer Gibbs then instructed Walker that he was going to "pat down" Walker. At that time, Walker attempted to move towards the kitchen. Parole Officer Gibbs grabbed Walker by his arm and told him not to resist. Walker then attempted to jerk his arm away from Parole Officer Gibbs at which time he was taken to the ground. Jacksonville Detective McMinn observed the struggle and entered the residence to assist Parole Officer Gibbs. Walker was secured in handcuffs and officers searched his person. Located in the right front coat pocket was a loaded Taurus .25 caliber semi-automatic pistol. Located in Walker's left coat pocket was an unloaded Llama .22 caliber semi-automatic pistol. Located in Walker's waistband was a loaded Accu-Tek 9mm pistol. Located in Walker's right pants pocket were 12 rounds of .25 caliber ammunition and an electronic scale, which contained white residue. Located in his left pants pocket was a clear bag containing a baggie of apparent crack cocaine. The baggie and its contents weighed approximately 64 grams. A field test on the substance showed positive results for the presence of cocaine.

7. ATF Agent Randy Strode was contacted and given the identifying information on the three firearms seized from Walker's person. Agent Strode advised that all three firearms were manufactured outside of the State of Illinois.

Further, Affiant sayeth not.

s/ Glenn Haas

_____
Glenn Haas, DEA Special Agent


Subscribed and sworn to before me
September 13, 2006.   , 1:45 PM

s/ Byron G. Cudmore
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE