IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

**FILED**
DEC - 4 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 06-30071 |
| DERRICK R. WALKER, | ) ) ) |
| Defendant. | ) ) |

## PLEA AGREEMENT AND STIPULATION OF FACTS

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Patricia A. McInerney, Assistant United States Attorney, and the defendant, Derrick R. Walker, personally and by the defendant's attorney, Douglas Beevers, hereby enter into this plea agreement.

1.  This document contains the complete and only plea agreement between the United States Attorney for the Central District of Illinois and the defendant. This agreement supersedes and replaces any and all prior formal and informal, written and oral, express and implied, plea agreements between the parties. No other agreement, understanding, promise, or condition between the United States Attorney for the Central District of Illinois and the defendant exists,

1

except as set forth in this plea agreement.

2. This plea agreement is binding only upon the United States Attorney for the Central District of Illinois and the defendant. It does not bind any United States Attorney outside the Central District of Illinois, nor does it bind any state or local prosecutor. In addition, the plea agreement does not bind the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury.

3. This agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), and therefore if the Court does not accept the recommendations of the parties, the defendant does not have the right to withdraw his plea of guilty.

## CHARGE(S), ELEMENTS, AND PENALTIES

4. The defendant will plead guilty to the Indictment, in which the defendant is charged with possession with the intent to distribute at least 50 grams of cocaine base, "crack," possession of a firearm by a felon, and carrying a firearm in furtherance of a drug trafficking crime, in violation of Title 21, United States Code, Sections 841(a), 841(b)(1)(A) and Title 18, United States Code, Sections 922(g)(1) and 924(c).

5. The defendant has read the charges to which the defendant is pleading guilty, and the charges have been explained to the defendant by the

defendant's attorney. Furthermore, the defendant fully understands the nature and elements of the crimes to which the defendant is pleading guilty.

To sustain the charge of possession of at least 50 grams of cocaine base, "crack" with the intent to distribute it as charged in Count 1, the United States must prove the following propositions beyond a reasonable doubt:

    a.    First, the defendant knowingly or intentionally possessed a substance containing cocaine base, "crack;" and

    b.    Second, the defendant did so with the intent to deliver it to another person.

It does not matter whether the defendant knew the substance was cocaine base, "crack." It is sufficient that the defendant knew it was some kind of prohibited drug.

In order to sentence the defendant to the statutory mandatory minimum sentence pursuant to 21 United States Code, Section 841(b)(1)(A), the United States must prove the quantity of the cocaine base, "crack," possessed was at least 50 grams.

To sustain the charge of possession of a firearm by a felon, as charged in Count 2, the United States must prove the following propositions beyond a reasonable doubt:

(a) First, prior to September 12, 2006, the defendant had been convicted of a felony offense;

(b) Second, the defendant knowingly possessed a firearm; and

(c) Third, the possession of the firearm was in or affecting interstate commerce.

Possession of a firearm affects interstate commerce if it has traveled across state lines anytime after its manufacture.

To sustain the charge of carrying a firearm in furtherance of a drug trafficking crime, as charged in count 3, the United States must prove the following propositions beyond a reasonable doubt:

a. First, that the defendant committed a drug trafficking crime;

b. Second, the defendant knowingly carried a firearm during and in relation to that crime.

A defendant carries a firearm when he transports the firearm on his person and does so during and in relation to the drug crime that he is committing.

6. The defendant believes that he has two prior drug felony convictions. As a result of those prior convictions, the offense charged in Count 1 to which he shall plead guilty carries the following potential penalties:

- mandatory minimum of life imprisonment without release;

and

- up to an $8 million fine; and

- a $100 mandatory special assessment.

The defendant understands and agrees that the offense charged in Count 2 to which he shall plead guilty carries the following potential penalties:

- up to ~~10 years~~ life in prison; and *Com ph/ar* [handwritten]

- up to a $250,000 fine; and

- up to 3 years supervised release; and

- a $100 mandatory special assessment.

The defendant understands and agrees that the offense charged in Count 3 to which he shall plead guilty carries the following potential penalties:

- mandatory minimum consecutive 5 years and up to life in prison;

- up to a $250,000 fine; and

- up to 5 years of supervised release; and

- a $100 mandatory special assessment.

7. The defendant further understands that he if his serving a term of supervised release then upon violation of any of the terms of the defendant's supervised release, the supervised release may be revoked and the defendant may

5

be imprisoned for all or part of the supervised release period without credit for time previously served.

8.   The defendant understands and agrees that the Court may be required to order the defendant to pay restitution. The parties to this agreement have not reached a determination on the issue of restitution. Restitution may include the cost of incarceration and supervision. The parties acknowledge that the Court may order restitution in whatever amount it deems proper.

## STATUTORY AND APPEAL WAIVERS

### Notice of Prior Drug Conviction

9.   The defendant expressly waives any right the defendant has pursuant to Title 21, United States Code, Section 851, to require the United States Attorney's Office to file and serve an Information stating in writing the prior felony drug convictions that support any enhanced sentence. The defendant acknowledges that he has prior drug felony convictions which support the enhancement of his sentence.

### Waiver of Right of Appeal from Conviction and Sentence

10.   The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed.

Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement, unless otherwise stated in this paragraph.

### Waiver of Right to Collateral Attack

11.     The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the

conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

## ADVISORY SENTENCING GUIDELINES

12. The defendant understands that his potential minimum mandatory life sentence is a statutory sentence under Title 21, United States Code, Section 841(b)(1)(A). The defendant understands that regardless of his potential statutory sentence, the Court will calculate the defendant's offense level and criminal history category under the United States Sentencing Guidelines, and that the Court will use those calculations to arrive at an advisory sentencing range under the Guidelines. The defendant understands that the Court must consider the advisory Sentencing

Guideline range when imposing sentence. The Court shall also consider the other factors listed under Title 18, United States Code, Section 3553(a) in addition to any statutory mandatory minimum sentence in determining the specific sentence to be imposed.

13.  Based on the information currently available, the defendant and the United States agree on the following points regarding the application of the Sentencing Guidelines to the offense to which the defendant is pleading guilty:

   a.  The parties agree, based upon facts currently known by the United States, that the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct in accordance with Section 3E1.1 of the Sentencing Guidelines and, therefore, a two-level reduction in the offense level is appropriate. Acceptance of personal responsibility shall include cooperating fully with the United States Probation Office in the preparation of a presentence report and not committing any bond violations while on pretrial release, including but not limited to the commission of any local, state or federal offenses. This agreement does not preclude the United States from changing its position if new evidence to the contrary is discovered or if the defendant later demonstrates a lack of acceptance of personal responsibility for the defendant's criminal conduct.

  b. The parties also agree that if the defendant's base offense level is 16 or higher, then the defendant qualifies for an additional one-point reduction in the defendant's offense level pursuant to United States Sentencing Guidelines Section 3E1.1(b)(2) because the defendant timely notified the United States Attorney's Office of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid trial preparation and permitting the Court to allocate its resources efficiently.

  14. The defendant and the United States agree that the above statements regarding Sentencing Guidelines calculations are not binding on the Court, and relate only to the positions the parties take regarding the applicable advisory Sentencing Guideline range based upon the information of which they are currently aware. The Court will remain free to make its own independent determination of the applicable advisory Sentencing Guideline range and to impose whatever sentence it deems appropriate.

  15. The defendant agrees that at the time of sentencing, the Court will not be bound by any recommendation made by any party, and that the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum. The defendant agrees and understands that the defendant will not be allowed to withdraw the defendant's guilty plea because of an objection to the calculation of the

Sentencing Guidelines, or to the Court's sentencing findings or rulings, or because the defendant receives a sentence higher than that recommended under the plea agreement.

16. The United States reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the advisory Sentencing Guideline range pursuant to United States Sentencing Guidelines Section 5K1.1, and from any mandatory minimum sentence pursuant to Title 18, United States Code, Section 3553(e), if the defendant provides substantial assistance in the investigation or prosecution of other criminal offenses. The extent of any such recommended departure will depend solely upon the United States' evaluation of the nature, extent, and value of the defendant's assistance, including the defendant's truthfulness.

## DEFENDANT'S OBLIGATIONS

17. As a condition of this entire plea agreement, the defendant will cooperate fully with law enforcement officials, as agreed in the letter dated September 14, 2006.

18. The defendant agrees to waive and waives any rights the defendant may have under the Speedy Trial Act, and the defendant understands that his sentencing may be delayed until his cooperation has been completed so that at sentencing the court will have the benefit of all relevant information.

19. The defendant and his attorney acknowledge that they have reviewed, and the defendant understands, the possible application of Title 18, United States Code, Section 3553(e). They further acknowledge, consistent with Application Note 3 to U.S.S.G. Section 5K1.1, that the United States is in the best position to assess the value of the defendant's cooperation to the United States and its law enforcement efforts. In return for receiving the opportunity to cooperate with the government and for the opportunity to be considered by the government for a motion and recommendation for a downward departure pursuant to Section 3553(e), the defendant and his attorney agree to limit any argument regarding the extent of a downward departure for substantial assistance to the government to only those grounds specifically set forth in Section 5K1.1 and its application notes.

20. The defendant further understands and agrees to pay the mandatory $100 Special Assessment for each count of the indictment to which the defendant is entering a plea of guilty as required under Title 18, United States Code, Section 3013. The defendant agrees to pay this mandatory special assessment at the time of sentencing by delivering a check or money order made payable to the United States District Court and understands that he will be required to do so as a condition of this plea agreement. The failure to comply with this requirement, however, will not constitute grounds for the defendant to withdraw any plea of guilty.

## THE UNITED STATES ATTORNEY'S OBLIGATIONS

21.     The United States Attorney for the Central District of Illinois agrees to bring no additional criminal charges in the Central District of Illinois against the defendant relating to or arising from the offenses charged in this indictment, except for any crime of violence and any crime unknown to the United States Attorney for the Central District of Illinois prior to the time this plea agreement is signed by the parties.

22.     The United States agrees that at the time of sentencing it will fully inform the Court of the nature, extent, and value of any cooperation rendered by the defendant.

## FACTUAL BASIS

23.     The defendant will plead guilty because the defendant is in fact guilty of the charges contained in the Indictment. In pleading guilty to those charge, the defendant stipulates to and admits to the following facts:

On September 12, 2006,, the defendant acknowledges that he was on parole from the Illinois Department of Corrections for a drug felony offense. His parole agreement allows for supervision and compliance searches by a parole officer. On September 12, 2006, the defendant was at a residence located on 695 N. Clay, Jacksonville, Illinois, when his parole officer arrived. The defendant became visibly nervous. The parole officer conducted a compliance search at which time he found

three firearms on the defendant's person, namely, a loaded Accu-Tek 9 mm semi auto pistol tucked in the defendant's waistband; a Taurus 25 caliber semi-automatic pistol, fully loaded and a magazine loaded found in the defendant's right coat pocket; a Llama .22 caliber semi-automatic pistol with magazine, unloaded, found in the defendant's left coat pocket. In the defendant's left pants pocket was found a large chunk of what appeared to be "crack" cocaine.

Laboratory analysis concludes that the large chunk substance is cocaine base, "crack" and has a laboratory weight in excess of 50 grams.

According to ATF Special Agent Randy Strode the firearms are in working condition. According to ATF Special Agent Mark Geever all the firearms were manufactured outside the State of Illinois.

The defendant acknowledges that he was convicted of a felony drug offense in case 04-CF-127 and was sentenced from Morgan County, Illinois, to 5 years in the Illinois Department of Corrections. He further acknowledges that he was convicted of a felony drug offense in case 04-CF-119, and was sentenced from Adams County, Illinois, to 4 years in the Illinois Department of Corrections.

### EFFECT OF VIOLATION OF AGREEMENT

24.   The defendant agrees that if the defendant violates the terms of this plea agreement the United States has the option to declare the plea agreement null and void. In the event the United States exercises its option to declare the plea agreement

null and void, the United States will be completely released from all of its obligations under this plea agreement and the United States will be free to seek to vacate the defendant's conviction and/sentence, and to reinstate any previously dismissed charges against the defendant or to seek the defendant's resentencing. However, in the event the United States exercises its option to declare the plea agreement null and void, the defendant will not be allowed to withdraw from any previously accepted guilty plea. The defendant also agrees to waive any and all double jeopardy rights, and the applicable statute of limitations should the United States seek to reinstate any charges against the defendant or seek to have the defendant resentenced.

25. Whether or not the defendant has violated the terms of the plea agreement shall be determined by the Court. The burden of proof shall rest with the United States to establish by a preponderance of the evidence that the defendant violated the terms of the plea agreement.

## WAIVER OF CONSTITUTIONAL RIGHTS

26. The defendant understands that by pleading guilty the defendant surrenders the following rights, among others:

    a.    The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

    b.    The right to a trial by jury. The defendant has an absolute right

to a jury trial. The jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The defendant could also ask for a trial by the Judge instead of a trial by a jury.

    c.  The right to the assistance of counsel. The defendant has the right to be represented by an attorney at every stage of the proceedings and, if the court finds the defendant is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant.

    d.  The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to see and hear those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf. If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

e.  The right against compelled self-incrimination. At a trial, the defendant would have a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

27. The defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraphs. The defendant's attorney has explained to the defendant those rights and the consequences of the waiver of those rights.

**AGREED:**

**Defendant's Attorney:**

28. I have discussed this plea agreement fully with my client, and I am satisfied that my client fully understands its contents and terms. No threats, promises, or representations have been made, nor agreements reached, express or implied, to induce my client to plead guilty other than those stated in this written Plea Agreement. I have reviewed with my client United States Sentencing Guidelines Sections 1B1.3 and 1B1.4 (relevant conduct).

Date: 11/29/06

s/Douglas Beevers
Douglas Beevers
Attorney for Derrick R. Walker

**Defendant:**

29. I have read this entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand this Agreement, and I agree to it voluntarily and of my own free will. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this Agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, expressed or implied, to influence me to plead guilty other than those stated in this written Plea Agreement. I am satisfied with the legal services provided by my attorney. I understand that by signing below I am stating I agree with everything stated in this paragraph, and I am accepting and entering into this Plea Agreement.

Date: 11/29/06   s/Derrick R. Walker
Derrick R. Walker
Defendant

**United States:**

30. On behalf of the United States of America, I accept and agree to this Plea Agreement.

Date: 11/28/06   RODGER A. HEATON
UNITED STATES ATTORNEY

s/Patricia A. McInerney

Patricia A. McInerney
Assistant United States Attorney