E-FILED
Monday, 19 May, 2008 03:29:07 PM
Clerk, U.S. District Court, ILCD

FILED
MAY 1 9 2008
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

(SPRINGFIELD)

| | |
|---|---|
| UNITED STATES OF AMERICA | Hon. Jeanne E. Scott |
| (PLAINTIFF) | |
| | Crim. No. 3:06-cr30011 |
| v. | |
| DERRICK WALKER; pro se | |
| (DEFENDANT) | |

## SUPPLEMENT TO 18 U.S.C. § 3582(c)(2) MOTION

Here comes Derrick Walker, In propria persona, hereby, respectfully moves this Honarable Court to supplement his previous 18 U.S.C. 3582(c)(2) motion with this instant submission, in the interest of justice, in order to fully detail his eligibility for such relief.

## Jurisdiction

A sentencing court's authority to reopen, and reduce a sentence under 18 U.S.C. § 3582(c)(2) is triggered when the sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, pursuant to "its power to review and revise the Guidelines." The <u>crack</u> guidelines squarely rests within that description. Effective November 1, 2007, the Commission lowered sentencing ranges for crack offenses by two levels, because it found that the "crack guidelines" **over-punished** crack offenders. On December 11, 2007. The Commission voted to make that amended guideline retroactive. **Therefore nothing is needed to trigger the court's authority to revisit a sentence under 18 U.S.C. § 3582(c)(2).** Hence the instant submission.

## I. Defendant Is Eligible For A Sentence Reduction Irregardless Of Career Offender Designation

### SUMMARY OF ARGUMENT

First, the Movant herein respectfully directs the court to note that the amended section of **U.S.S.G. § 1B1.1 10(o)(2)(B)** should be treated as advisory, pursuant to **United States v. Booker**, 543 U.S. 220 (2005); and **Cunningham v. California**, ____,U.S.____, 137 S.Ct. 856 (2007).

Second, nothing in the statutory language requires that the Guideline amendment "actually" have the effect of lowering a defendant's guideline range before the the sentencing court can revisit the sentence. Rather the statute requires that the **defendant's sentence was based on a sentencing range that has subsequently been lowered.** See:

Gall v. United States, ____, U.S. ____, 128 S. Ct. 586 (2007) Which mandates that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." The guidelines should be the starting place, and the initial benchmark, of course, they aren't the only thing to be considered, the sentencing court should consider all of the 18 U.S.C. § 3553 (a) factors.

Third, "all crack sentences are a result of the disparate (which still exist) and disproportionately inconsistent crack guidelines sentencing ranges." For it was these ranges that represented the starting point of every federal drug offender's sentence; pre and post Booker, supra, even if the defendant was ultimately sentenced under § 4B1.1 or § 4b1.4. Therefore this court has the inherent authority to issue whatever sentence it deems necessary to ensure that justice is rendered in the instant case. See: United Mine Workers, 330 U.S. at 291.

### ARGUMENT AND LAW

A.

The defendant herein was classified as a Career Offender, and was sentenced to a mandatory term of life, even though the Guidelines were advisory during his sentencing, and the "crack guidelines" that the Commission would later amend, were in place during his sentencing as well. The sentencing judge expressed reget with while administering the harsh sentence; stating on the record verbatim: "my hands are tied," In addition she would also note how such sentences congruent with the

the crack epidemic.

The defendant was charged with one count of violating 21 U.S.C. § 841 Possession of fifty grams or more, with intent to distribute (specifically sixty-two grams of crack, cocaine base); one count of 18 U.S.C. §924(c) and one count of 18 U.S.C. § 922(g). With a recommended guideline sentence of two-hundred and sixty-two months, to three-hundred and twenty-seven months (without the 4B1.1 or 4B1.4 provision). However, the defendant was careered for his prior state convictions. These convictions being Aggravated Battery, in which he received two years probation (that was successfully completed); Unlawful Delivery Of A Controlled Substance (specifically 0.7 grams of crack cocaine), and Unlawful Possession With Intent To Distribute a Controlled Substance (another minute amount of crack cocaine).

(1) The Legislative intent behind the U.S.S.G. Commission when they legislated 4B1.1/4B1.4 wasn't to punish petty drug offenders, nor was their intent to punish drug offenses that wouldn't constitute a felony under the federal Controlled Substance Act (Thus, the defendant's prior state drug offenses are petty, and are deemed probational, even under the notorious crack guidelines, nor do they constitute felonies under the federal Controlled Substance Act).

(2) Was it proper for the court to give the defendant a life sentence for prior state crimes, those of which he has already been punished for by the state. Such would be a factor to consider during re-sentencing under 3553(a). Especially considering the double jeopardy concerns. Which is precisely the issue before the Supreme Court in

-4-

Robert Mercado Jr. v. United States, No. 07-5810 (2007), and in Apprendi v. New Jersey, 530 U.S. 466 (2000) the court held that "the judge's role in sentencing is constrained at its outer limits by the facts alleged in the indictment," and recently in Cunningham, supra, the court unequivocally stated: "if the jury's verdict alone does not authorize a sentence... the Sixth Amendment requirement is not satisfied." "The door remains open for a defendant to demonstrate that his sentence, whether inside or outside the advisory Guidelines range, would not have been upheld, but for the existence of a fact found by the sentencing judge and not the jury." Gall, supra, at 128 S.Ct. 602-03 (Scalia,J concurring). All of which should be considered pursuant to 3553(a).

(3) Compounding the matter, the defendant didn't have the opportunity to independently weigh, the drug in question. In order to establish the "actual drug amount." Which may clearly be below the sixty-two grams that the government alleges, which would in turn trigger a less harsher sentence under the guidelines, and this is factor that the defendant guides the court to consider, under § 3553(a). Again, this squares soundly with the mandate in Gall, supra, Id at 591 "the extent of the difference between a particular sentence and the recommended guideline range is surely relevant to a sentencing decision."

"If the court decides that an outside-Guideline sentence is warranted, he must note the deviation, and ensure that the justification is sufficiently compelling to support the degree of variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one." Id at 128 S.Ct. 597. Furthermore as the crack guidelines that rendered this

defendant's life sentence has been ruled unconstitutional in the context of the one-hundred to one ratio, and the disparity therein, the court should note that this unconstitutional element existed at the time when it administered the sentence that is being challenged.

For nothing in the Guidelines are mandatory, not 4B1.1/4B1.4 4B1.2(a). Specifically, these statutes require judge found facts, and in turn trigger Fifth and Sixth Amendment violations. See: <u>Stinson v. United States</u>, 508 U.S. 36,38, (1993) "the guidelines are authoritative <u>unless</u> it violates the Constitution." <u>Hicks</u>, 477 F.3d. at 1172-73 "to the extent that the policy statement are inconsistent with <u>Booker</u>, <u>supra</u>, by requiring that the Guidelines be treated as mandatory, the policy must give way."

B. It is highly unlikely that 3582(c)(2) could be interpreted to require even stricter limitations on judicial discretion after <u>Booker supra</u>, <u>Id</u> at 265. For 3553(a) is the governing law that encompasses the re-sentencing herein, and likewise the defendant deserves the benefit of the statutory sentencing criteria that's effective during his resentencing, and during the consideration of his § 3582(c)(2) motion.

## Conclusion

The defendant herein guides the court to consider the genocidal effect that these draconian <u>crack</u> <u>sentences</u> has had on the African-American community as a whole, and especially us young men, who are twice caught in its matrix (in the inner cities, and in the judicial system). In hindsight these Guidelines were adopted hastily by Congress as reflex to the influx of drugs that was being imported into

(cont'd)

America during the eighties, as a result, little or no empirical study, no research, and little academic research to justify its disparity to cocaine, even after taking note of its disproportionate effect on the African-American community, which is has reached pandemic proportions.

Sincerely Submitted

Derrick N Walker

CERTIFICATE OF MAILING

I, the undersigned do hereby swear by my signature that foregoing **SUPPLEMENT TO 18 U.S.C. § 3582(c)(2) MOTION** was mailed via U.S. Certified Mail to the party listed below, On This 15th, day of May, 2008. Sworn to pursuant **28 U.S.C. 1746.**

Affiant

Clerk Of Court
100 N.E. Monroe Street
Peoria, Illinois 61602

# Certificate of Completion

Is hereby presented to

**Derrick Walker**

To certify that he has completed the

**Etiquette & Communications**

Adult Continuing Education Course

U.S.P. Pollock, LA
March 19, 2008

_T. Burnett_, A.C.E. Coordinator

_F. Martinez_, Supervisor of Education

# CERTIFICATE OF COMPLETION

*is hereby presented to*

Derrick Walker

*to certify that he has completed the*

MARVELS OF SPACE

ADULT CONTINUING EDUCATION CLASS

U.S.P. Pollock, LA

*April 7, 2008*

_____
T. Burnett, ACE Coordinator

_____
R. Martinez, Supervisor of Education

# CERTIFICATE OF COMPLETION

*is hereby presented to*

**Derrick Walker**

*to certify that he/she has completed*

**HORATIO HORNBLOWER**
History of the French Revolution

**ADULT CONTINUING EDUCATION COURSE**
USP Pollock, LA
May 6, 2008

_____
T. Burnett, ACE Coordinator

_____
R. Martinez, Supervisor of Education