IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | No.  06-30071 |
| ) | |
| DERRICK R. WALKER, ) | |
| ) | |
| Defendant. ) | |

### OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Federal Public Defender's Motion to Withdraw as Counsel (d/e 14).  The Court was advised that Defendant Walker requested the assistance of the Federal Public Defender's Office in preparing a Motion to Reduce Sentence based on the retroactive Amendment to the Sentencing Guideline range regarding crack cocaine sentencing.  The Court appointed the Federal Public Defender's Office to represent Defendant in this matter.  Text Order entered February 15, 2008.

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

> [I]n the case of a defendant who has been sentenced

1

> to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A reduction is not consistent with applicable policy statements if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline [e.g., a career offender override] or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment n.1(A).

The Defendant was sentenced by this Court on April 9, 2007, to a sentence of life on Count 1 and 120 months on Count 2, to run concurrently, and 60 months on Count 3, to run consecutively to the sentence in Count 1. The Court adopted the findings of the Presentence Investigation Report (d/e 10) (PSR) with respect to the determination of Walker's Guideline range. <u>Statement of Reasons (d/e 9)</u>, at 1. Walker's Guideline range was determined based on the fact that the statutory mandatory penalty for Count 1 was life, and because he was a career

offender. As such, the Federal Defender concluded that the retroactive Amendment would not apply to Walker, and thus, asks for permission to withdraw as counsel. <u>Motion to Withdraw as Counsel (d/e 14)</u>, ¶ 13.

THEREFORE, the Deputy Federal Defender's Motion to Withdraw as Counsel (d/e 14) is GRANTED. Defendant is allowed to pursue this matter *pro se*. Defendant's *pro se* Motion for Discovery (d/e 13) is DENIED. Defendant seeks discovery regarding his status as a career offender. The applicable Amendment to the Guidelines did not make a retroactive change to the Guidelines regarding career offender status; thus, the requested discovery is irrelevant and unnecessary. Defendant shall file with this Court no later than October 31, 2008, a pleading that either: (a) concedes that the Amendment does not apply because he was subject to a statutory minimum penalty of life, and because he was found to be a career offender, or (b) explains why the Amendment applies in spite of the fact that he was found to be a career offender.

IT IS THEREFORE SO ORDERED.

ENTER:  August 28, 2008

      FOR THE COURT:

                                      s/ Jeanne E. Scott
                                  JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE